**Paul REID, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 252, Docket 95–2180.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 18, 1995.

Decided Nov. 9, 1995.

Paul Reid, Fort Dix, New Jersey, pro se, Petitioner–Appellant.

Christopher P. Tuite, Assistant United States Attorney, for the Western District of New York, Rochester, New York (Patrick H. Nemoyer, United States Attorney, Rochester, New York, of counsel), for Respondent–Appellee.

Before: MESKILL, MAHONEY, and WALKER, Circuit Judges.

## PER CURIAM:

Petitioner-appellant Paul Reid pled guilty to one count of knowingly engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 pursuant to a plea agreement that did not commit him to forgo a direct appeal. Reid, however, did not take a direct appeal from the judgment of conviction. He subsequently sought habeas corpus relief pursuant to 28 U.S.C. § 2255. His petition was denied by an order entered March 7, 1995 in the United States District Court for the Western District of New York, Michael A. Telesca, *Chief Judge.* Reid seeks habeas relief on several grounds, most of which clearly lack merit for the reasons stated in the district court's decision and order. *See United States v. Reid,* Nos. 89–CR–193T, 94–CV–6439T, slip op. 1994 WL 440587 (W.D.N.Y. Mar. 6, 1995).

Reid does, however, raise one argument that warrants discussion. At the sentencing hearing, the district court failed to inform Reid of his right to appeal his sentence. At the time of that hearing, Federal Rule of Criminal Procedure 32(a)(2) provided in pertinent part:

> After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, including any right to appeal the sentence.... There shall be no duty on the court to advise the defendant of any right of appeal *after sentence is imposed following a plea of guilty* or nolo contendere, except that *the court shall advise the defendant of any right to appeal his sentence.* If the defendant so requests, the clerk of the court shall pre-

pare and file forthwith a notice of appeal on behalf of the defendant.

*Id.* (emphasis added).[1]

A number of circuits hold the view that a district court's failure to advise a defendant who pleads guilty of his right to appeal his sentence as required by Rule 32(a)(2) constitutes a *per se* error that requires vacatur of the sentence and a remand for re-sentencing, regardless of whether the defendant had actual knowledge of his right to appeal. *See Biro v. United States,* 24 F.3d 1140, 1141–42 (9th Cir.1994); *Paige v. United States,* 443 F.2d 781, 782 (4th Cir.1971); *United States v. Deans,* 436 F.2d 596, 599 n. 3 (3d Cir.), *cert. denied,* 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971); *United States v. Benthien,* 434 F.2d 1031, 1032 (1st Cir.1970); *Nance v. United States,* 422 F.2d 590, 592 (7th Cir.1970); *United States v. Smith,* 387 F.2d 268, 270–71 (6th Cir.1967); *see also Rodriquez v. United States,* 395 U.S. 327, 331–32, 89 S.Ct. 1715, 1717–18, 23 L.Ed.2d 340 (1969) (alternate holding); *United States v. Drummond,* 903 F.2d 1171, 1175 (8th Cir. 1990) (Heaney, *Judge,* dissenting), *cert. denied,* 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991).

We have agreed, albeit in dictum, that "rule 32(a)(2) represents a 'bright-line rule requiring notice in all cases [that] was adopted to eliminate persistent litigation over whether the defendant had been fully informed of his rights by his counsel.'" *United States v. Ferraro,* 992 F.2d 10, 12 (2d Cir.1993) (per curiam) (quoting *Drummond,* 903 F.2d at 1175 (Heaney, *Judge,* dissenting)). We remain persuaded that the policy of preventing excessive litigation justifies a strict and literal enforcement of Rule 32(a)(2). In this case, for example, the government contends that Reid was on notice of his right to appeal because his plea agreement made reference to "the event of an appeal from his sentence by the defendant." Whether or not this resulted in actual notice to Reid is precisely the sort of factual contro-

---

1. Effective December 1, 1994, Rule 32(a)(2) was replaced by Rule 32(c)(5). Although the language in Rule 32(c)(5) differs from that of former Rule 32(a)(2) in certain respects, "the Committee intend[ed] no substantive change in practice." Fed.R.Crim.P. 32(a)(5) advisory committee's note.

versy that Rule 32(a)(2) was designed to obviate.

Accordingly, we vacate the order of the district court and remand for resentencing at which Reid will be advised of his right to appeal. This disposition is not an indication that the sentence itself is in any way defective. That is an issue which we do not reach. We affirm as to all other issues raised by Reid.