**Edwin L. GAETA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 94–11911–JLT.**

United States District Court, D. Massachusetts.

March 18, 1996.

---

Edwin L. Gaeta, White Deer, PA, Pro Se.

Geoffrey E. Hobart, United States Attorney's Office, Boston, MA, for Respondent.

## MEMORANDUM

TAURO, Chief Judge.

In September 1994, Edwin L. Gaeta filed this 28 U.S.C.A. § 2255 (West 1994) petition to vacate or set aside the sentence imposed by this court on May 14, 1993. Gaeta contends, *inter alia,* that his sentence should be set aside because the court failed to advise him of his right to appeal.

## I.

### BACKGROUND

In December 1992, Gaeta was indicted on seven counts related to a reverse sting operation by the government involving the delivery of 30,000 Percodan pills, the undercover purchase of two MAC 10 machine guns and silencers, and two undercover payments of a loanshark debt owed to Gaeta. On January 12, 1993, Gaeta pled guilty to all seven counts without entering into a written plea agreement with the government.

In Gaeta's Presentence Report ("PSR"), the Probation Department calculated Gaeta's Base Offense Level on the basis of the 30,000 Percodan pills, resulting in a Base Offense Level of 34. PSR at 38 (explaining calculation of Base Offense Level). Gaeta objected to this recommendation, contending that the government had engaged in sentencing factor manipulation and, thus, the appropriate Base Offense Level should be set at 28, or, alternatively, 32. Defendant's Objection # 6 to PSR.

The court conducted a sentencing hearing on May 14, 1993. At the sentencing hearing, the court overruled Gaeta's objection to the recommendation that the Base Offense Level be set at 34. The court then granted Gaeta a three point reduction for acceptance of responsibility, resulting in a Total Offense Level of 31 and a Criminal History Category of I. The court sentenced Gaeta to 108 months' imprisonment, which was at the low end of the sentencing range. The court did not advise Gaeta of his right to appeal after imposing this sentence.

## II.

### DISCUSSION

■ In 1993, Federal Rule of Criminal Procedure 32(a)(2) provided that:

[1] After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, including any right to appeal the sentence, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. [2] There

shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendre, except that the court shall advise the defendant of any right to appeal his sentence. [3] If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.[1]

(numbering of sentences added). Gaeta contends that the court's failure to advise him of his right to appeal his sentence violated Rule 32(a)(2)[2].

Applying the first sentence of Rule 32(a)(2), the First Circuit has held that it establishes a bright-line rule. *United States v. Benthien*, 434 F.2d 1031, 1032 (1st Cir. 1970). Failure of the sentencing court to advise a defendant of his right to appeal entitles him to relief regardless of the reviewing court's perception of the merits of the issues the defendant could have raised on appeal, and regardless of the defendant's actual knowledge of his right to appeal. *Id.* In reaching this conclusion, the First Circuit explained that a bright-line rule insures that a defendant will be informed of his rights and avoids entangling the courts in a cumbersome inquiry into a defendant's state of mind. *Id. See also Reid v. United States*, 69 F.3d 688, 689–90 (2nd Cir.1995).

Because Gaeta did not got to trial but plead guilty, the present case can be distinguished from *Benthien* inasmuch as it falls under the second sentence of Rule 32(a)(2). The second sentence provides that the court need only "advise the defendant of *any* right to appeal his sentence." (emphasis added). This language arguably suggests that the sentencing court need not advise a defendant who has pled guilty of his right to appeal in every case, but merely in those cases where a defendant has preserved some ground for appeal. *Cf. United States v. DeSantiago–Martinez*, 38 F.3d 394, 395–96 (9th Cir.1992) (Rule 32(a)(2)[2] admonishments are unnecessary when the defendant expressly waives his sentencing appeal rights in the plea agreement), *cert. denied*, —— U.S. ——, 115

S.Ct. 939, 130 L.Ed.2d 883 (1995); *McCumber v. United States*, 30 F.3d 78, 80 (8th Cir.1994) (violation of Rule 32(a)(2)[2] was harmless in light of defendant's failure to raise any objections to the presentence investigation report).

The court, however, need not decide whether this restrictive interpretation of Rule 32(a)(2)[2] is correct. Here, the government concedes, and the court agrees, that Gaeta preserved his right to appeal the court's determination that his Base Offense Level should be determined by the 30,000 Percodan pills. Accordingly, the court's failure to advise Gaeta of his right to appeal violated Rule 32(a)(2)[2].

In light of the violation of Rule 32(a)(2)[2], the next question is whether such a violation should be treated as automatically affording Gaeta a remedy. The rationale articulated in *Benthien* for declining to probe into the merits of potential appellate claims or into a defendant's knowledge of his appellate rights has equal force in this context. *Reid*, 69 F.3d at 689–90. The right of a defendant to appeal his sentence does not materially alter merely because he pled guilty. Having found a violation of Rule 32(a)(2)[2], the court's inquiry is complete. Gaeta is, therefore, entitled to relief.

The ordinary remedy for the court's failure to advise a defendant of his right to appeal is to vacate and reimpose the same sentence, thereby reinstating the defendant's right to file a notice of appeal. *See Benthien*, 434 F.2d at 1032 (entering judgment restoring defendant's right to appeal the sentence). Assuming *arguendo* that in exceptional circumstances the court may revisit in the first instance the sentence to be imposed, *see, e.g., Wlodyka v. United States*, slip op. No. C–93–525–L, 1994 WL 262910 at *4 (D.N.H.1994) (ordering resentencing of the defendant), the court finds nothing in the materials submitted by Gaeta to merit reconsideration of the sentence imposed on May 14, 1993. As such, going through the exercise of vacatur and conducting a formal sen-

---

1. Effective December 1, 1994, this provision was amended and recodified at Fed.R.Crim.P. 32(c)(5). The Advisory Committee explained, however, that they intended no substantive change in practice by this amendment.

867

tencing hearing would be an empty exercise. The most efficacious remedy in this case is simply to order that Gaeta's right to appeal his sentence be reinstated and to direct the clerk to file a notice of appeal on his behalf.

### III.

### *CONCLUSION*

For the reasons discussed above, the court concludes that Gaeta's right to appeal his sentence should be reinstated.[2]

An order will issue.

2. In light of the court's disposition of the Rule 32(a)(2) issue, the court need not reach the other issues raised in Gaeta's § 2255 petition.