**William C. EVERARD, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 95–2090.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 12, 1996.

Decided Oct. 15, 1996.*

---

* This decision was originally issued as an "unpublished decision" filed on October 15, 1996.

Jill Leslie Price (briefed), Richard M. Helfrick (argued), Federal Public Defenders Office, Detroit, MI, for Petitioner–Appellant.

Patricia G. Blake (argued and briefed), Office of the U.S. Attorney, Detroit, MI, for Respondent–Appellee.

Before: NELSON, MOORE and COLE, Circuit Judges.

MOORE, Circuit Judge.

Defendant William C. Everard appeals from the district court's order in this federal habeas case concluding that Federal Rule of Criminal Procedure 32(a)(2)[1] did not require the sentencing court to advise the defendant of his right to appeal in the circumstances of this case and that defendant knowingly and voluntarily entered his plea agreement. Finding no reversible error in these conclusions, we affirm the decision of the district court.

I

Everard entered into a Rule 11 plea agreement with the government on March 24, 1993, in which he pleaded guilty to one count of unlawful transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. The worksheets attached to the plea agreement indicated an estimated sentencing guidelines offense level of nine and a criminal history category of I, which in turn produce a sentencing range of four-to-ten months. J.A. at 19. The agreement itself specified: "Defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the sentencing guidelines. Defendant agrees not to appeal the accuracy of any factor stipulated to in the attached worksheets."[2] *Id.* at

---

1. At the time of Everard's sentencing, Federal Rule of Criminal Procedure 32(a)(2) provided that "after sentence is imposed following a plea of guilty ... the [district] court shall advise the defendant of any right to appeal the sentence." Fed.R.Crim.P. 32(a)(2) (1993). While this directive has been amended and is now incorporated in Rule 32(c)(5), its substance remains unchanged. *See* Fed.R.Crim.P. 32(c)(5) (1995) advisory committee's note. Because former

Rule 32(a)(2) was in effect at the time of Everard's sentencing, it controls our analysis in this case.

2. Counsel for Everard correctly notes that "[t]he [waiver] agreement did not include a specific provision that Mr. Everard agreed to waive *all rights* to appeal his plea or sentence." Brief for Appellant at 4 (emphasis in original). The lack of a specific waiver of all rights to appeal the

The district court then sentenced Everard on June 2, 1993, to an incarceration term of ten months, followed by three years of supervised release. *Id.* at 155. After imposition of the sentence, the Assistant United States Attorney stated to the court that he believed the court was required to inform the defendant of his right to appeal. The court refused to do so, stating that because the sentence was within the guidelines and the defendant had accepted the guideline score, there would be no jurisdiction for an appeal, and thus the court had no duty to inform the defendant of a right that did not exist. *Id.* at 157–58. No direct appeal ensued.

On October 14, 1994, proceeding *pro se*, Everard filed a 28 U.S.C. § 2255 motion asserting that his guilty plea was in error (1) "because he was told by the sentencing judge that he could not appeal," and (2) because he did not realize that the car in question had been stolen at the time he transported it. J.A. at 45–46. He was appointed counsel for the habeas proceedings shortly after filing his § 2255 motion. The district court denied Everard's petition on February 6, 1995, but not before noting that "the [sentencing] Court would have been better advised to inform petitioner that he may have a right to appeal his sentence...." *Id.* at 53.[3] On February 15, 1995, Everard filed a motion to reconsider the denial of the § 2255 motion. The motion to reconsider was also denied. *Id.* at 122–27. He then filed this timely appeal.

## II

In reviewing the denial of a habeas corpus petition, this court applies a de novo standard of review to legal issues. *Cardinal v. United States,* 954 F.2d 359, 362 (6th Cir.1992). We uphold the district court's factual findings unless they are clearly erroneous. *Id.*

It is undisputed that the court imposing sentence in this case never advised Everard of any right to appeal. The narrow issue we are faced with is whether our holdings in *United States v. Butler,* 938 F.2d 702 (6th Cir.1991) (order), and *United States v. Smith,* 387 F.2d 268 (6th Cir.1967), extend to situations in which the defendant waives the right to appeal the sentence in the plea agreement. In *Butler* we stated that "the failure to advise a defendant of the right of appeal requires vacation of the sentence and remand to the district court for resentencing and notice as to the right of appeal." *Butler,* 938 F.2d at 703. This rule is based on the premise that the right to appeal a sentence is "so important that the District Judge should give the required advice even though the defendant is represented by counsel." *Smith,* 387 F.2d at 270.

A majority of the other circuits facing this issue have given a similar mandatory reading to Rule 32(a)(2). *See United States v. Sanchez,* 88 F.3d 1243, 1247 (D.C.Cir.1996); *Reid v. United States,* 69 F.3d 688, 689–90 (2d Cir.1995) (per curiam); *United States v. Deans,* 436 F.2d 596, 599 n. 3 (3d Cir.), *cert. denied,* 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971); *Paige v. United States,* 443 F.2d 781, 782 (4th Cir.1971); *United States v. Benthien,* 434 F.2d 1031, 1032 (1st Cir.1970). *But see Tress v. United States,* 87 F.3d 188, 189–90 (7th Cir.1996) (failure to inform defendant of his right to appeal is harmless error when defendant knew of that

---

sentence is troubling to us, given that the Government is arguing for such an interpretation of the waiver provision. Nonetheless, Everard did agree to waive all constitutional and legal challenges to the sentencing guidelines, as well as any challenges to the stipulations in the sentencing worksheets. We cannot identify, nor has Everard's counsel indicated, any other possible ground for an appeal. For this reason, we will treat the waiver as a waiver of all rights to appeal the sentence. *Cf. United States v. Bazzi,*

94 F.3d 1025, 1028 (6th Cir.1996) (treating identical plea language as a binding waiver of right to appeal sentencing issues).

**3.** It should be noted that the same district judge who imposed Everard's sentence denied his habeas petition. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(a) (stating that so long as the sentencing judge is available, the habeas petition shall be assigned to that judge).

right); *United States v. Drummond*, 903 F.2d 1171, 1173–75 (8th Cir.1990), *cert. denied*, 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991) (same). As the D.C. Circuit stated in *Sanchez:* "The obvious purpose of Rule 32(a)(2) is to insure that all defendants who might wish to appeal are fully aware of their appeal rights." *Sanchez*, 88 F.3d at 1246 (quoting *Benthien*, 434 F.2d at 1032).

We believe that the rationale in *Butler* and the other cases giving a strict reading to Rule 32(a)(2) simply does not apply to the narrow situation in which a defendant knowingly and voluntarily waives his right to appeal. Indeed, a contrary result could lead to circumstances in which defendants are actually misinformed of their options on appeal, the opposite of what Rule 32(a)(2) and *Butler* were intended to accomplish. For instance, assume that a defendant waived his right to appeal a sentence in a valid Rule 11 agreement, but that the district judge then informed the defendant that he had a right to appeal the sentence. It is quite conceivable in this situation that the defendant would not know whether his waiver of the appeal in the plea agreement or the judge's statements regarding his right to appeal controlled. Facing this precise factual situation, the Ninth Circuit concluded: "Litigants need to be able to trust the oral pronouncements of district court judges. Given the district court judge's clear statements at sentencing, the defendant's assertion of understanding, and the prosecution's failure to object, we hold that in these circumstances, the district court's oral pronouncement controls and the plea agreement waiver is not enforceable." *United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 430, 133 L.Ed.2d 345 (1995). It is this potential for confusion that persuades us to conclude that the district court in this case did not err by refusing to give the Rule 32(a)(2) pronouncements to Everard.

■ In reaching this conclusion, we do not call into question the continuing vitality of *Smith* and *Butler*. Rather, we merely hold that when a defendant waives the right to appeal his sentence in a valid plea agreement, he cannot have his sentence vacated and his case remanded for notice as to the right to appeal his sentence and for resentencing solely on the ground that the district court failed to inform him of a right that did not exist.

## III

■ Petitioner next argues that his plea agreement must be withdrawn because he did not enter into it knowingly, intelligently, and voluntarily. In particular, he contends that he did not know the car in question was stolen until after the interstate transportation concluded, and that he was not informed that such knowledge was a requirement under the statute. At the plea hearing, the following colloquy between the district judge and Everard occurred:

Q. Did you, on or about March 27th, 1990, in this district, unlawfully transport, caused [sic] to be transported in interstate commerce a stolen motor vehicle ... knowing the same had been stolen from Michigan to Florida violating the law?

A. Yes, your Honor.

J.A. at 138. Everard then went on to describe his precise role in the scheme and again admitted that he "did know the vehicle was stolen" prior to interstate transport. *Id.* at 139–40.

Petitioner's claimed lack of knowledge thus stands in stark contrast to his admissions of guilt before the district court. Furthermore, he has presented no support for his recent recantation. *See United States v. Ludwig*, 972 F.2d 948, 951 (8th Cir.1992) (stating that the "mere assertion of innocence, absent a substantial supporting record," is insufficient to overturn a guilty plea, even on direct appeal). We therefore hold that Everard knowingly, intelligently, and voluntarily entered into the plea agreement.

For the foregoing reasons, we **AFFIRM** the district court's decision denying Everard's petition for habeas corpus relief.