George **VALENTE**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 618, Docket 96–2505.**

United States Court of Appeals,
Second Circuit.

Submitted Jan. 13, 1997.

Decided April 14, 1997.

George Valente, Pro Se, Loretto, Pa., (on submission), for petitioner-appellant.

Mary Jo White, United States Attorney for the Southern District of New York, New York City (I. Bennett Capers and Guy Petrillo, Assistant United States Attorneys, of counsel, on submission), for respondent-appellee.

Before VAN GRAAFEILAND and LEVAL, Circuit Judges, and SQUATRITO, District Judge.[1]

PER CURIAM:

George Valente, who was sentenced to ten years imprisonment upon his plea of guilty under a plea agreement, appeals *pro se* from the district court's denial of his challenge to the sentence pursuant to 28 U.S.C. § 2255. Valente claims his conviction must be vacated because the district judge did not inform him at sentencing of his right to appeal his sentence as required by the version of Fed. R.Crim.P. 32(a)(2) then in effect.[2] Additionally, Valente seeks relief on the ground that when he pleaded guilty the district judge failed to warn him, as required by Fed. R.Crim.P. 11(e)(2), that the sentencing judge's rejection of the sentence recommended in the plea agreement would not entitle Valente to withdraw his plea of guilty. Valente also challenges his sentence on other grounds, including the court's conclusions regarding the proper quantity of narcotics attributable to him, its refusal to grant him a

downward departure, and counsel's effectiveness in negotiating a plea agreement.

We conclude that a petitioner under § 2255 who failed to appeal from his conviction is not entitled to be resentenced based on the district court's failure to advise him of a right to appeal if he knowingly and voluntarily waived the right to appeal on the grounds asserted in the § 2255 petition. In his plea agreement, Valente waived the right to appeal the issues he now raises on habeas. Because the court did not inquire at the plea allocution whether Valente entered into the plea agreement voluntarily and with knowledge of its terms, we remand for a hearing to determine whether the waiver was knowing and voluntary.

*Background*

On November 20, 1991, an indictment was filed charging Valente and three co-defendants with various federal offenses including possession and distribution of narcotics, conspiracy, and possession of a firearm by a felon. The government negotiated a plea agreement with each of the defendants. On December 20, 1991, the court convened to receive their guilty pleas. Valente's three co-defendants pleaded guilty without incident. When the court turned to Valente, however, he disputed the amount of narcotics attributed to him under his plea agreement, and asserted that the government was "forcing" him to plead guilty. The district judge accordingly declined to accept his plea.

Valente returned to court on December 30, 1991, to proffer his guilty plea. His attorney explained that Valente was prepared to acknowledge his guilt and understood that he was responsible under the sentencing law for quantities of drugs distributed by his co-conspirators with his knowledge. The government showed the court the plea agreement, which asserted over Valente's signature that the "amount of heroin distributed in furtherance of the conspiracy ... and the

---

1. The Honorable Dominic J. Squatrito, District Judge of the United States District Court for the District of Connecticut, sitting by designation.

2. Rule 32(a)(2) was modified slightly and recodified at 32(c)(5) in 1994. The official commentary notes that "the Committee intends no substantive change in practice."

amount of heroin for which the defendant George Valente is accountable ... is between one and three kilograms." The agreement went on to say that the mandatory minimum term of imprisonment would be not less than ten years, that neither Valente nor the government would argue for a lower or higher sentence, and that Valente would "not appeal or otherwise challenge at any time a sentence imposed by the Court provided such sentence is ten (10) years imprisonment...."

After questioning Valente on his plea, the court accepted his guilty plea as knowing and voluntary. The court asked Valente whether he had signed the plea agreement, which Valente acknowledged. There was no further inquiry as to whether Valente knew the terms of the plea agreement and voluntarily assented to them.

Valente later pleaded guilty to two counts of a second indictment, which was filed in the District of Maryland and transferred to the Southern District of New York under Fed. R.Crim.P. 20. The two indictments were consolidated for sentencing and, on June 10, 1992, the district court sentenced Valente to a ten-year term of imprisonment. Valente did not appeal.

On December 21, 1995, Valente filed this petition seeking to vacate his sentence. The district court denied Valente's petition, and he appealed.

### Discussion

■ The government contends that Valente's failure to take a direct appeal from his conviction constitutes a procedural default and bars our consideration of his claims under § 2255. We do not generally consider habeas corpus petitions raising errors in sentencing procedure that were not raised on direct appeal unless "the petitioner establishes that the violation constituted a constitutional or jurisdictional error, or the error result[s] in a complete miscarriage of justice." *Femia v. United States,* 47 F.3d 519, 525 (2d Cir.1995) (internal quotations and citations omitted).

■ Failure to appeal a claimed error in sentencing does not have the same consequence, however, where the defendant was not informed of his right to appeal. We ruled in *Reid v. United States,* 69 F.3d 688, 689 (2d Cir.1995), that where a defendant who pleaded guilty was not advised of his right to appeal his sentence in violation of Rule 32(a)(2), his failure to appeal did not bar a motion under § 2255 attacking the sentence; indeed, we ruled the court should vacate the sentence and remand for resentencing. *Id.* at 690. This procedure assures a defendant "the opportunity to raise on direct review sentencing claims that might not have been available on collateral attack," *United States v. Bygrave,* 97 F.3d 708, 710 (2d Cir.1996), and puts him in the position he would have occupied absent the district court's error.

Reid had not waived any right of appeal. Accordingly, had he made a timely appeal, he would have been free to raise in it the claims he asserted in his § 2255 petition. We presumed that the sentencing court's error in failing to advise Reid of his right to appeal caused his failure to make a timely appeal; we required resentencing so that he would have another opportunity to do so.

■ Different considerations would arise where, because of a valid waiver of the right to appeal, the petitioner could not have raised his habeas claims in a timely appeal. In such a case, the sentencing judge's failure to advise the defendant of his right to appeal can have caused him no harm because, as a consequence of his waiver, he had no right to appeal those claims.

It would push the *Reid* rule beyond its reasonable utility to require resentencing so as to revive the defendant's opportunity to raise claims on appeal when he had waived the right to appeal those claims. In those circumstances, it would be clear that the judge's failure to warn did not harm the defendant. If the *Reid* rule were applied, so that the defendant was resentenced and thus enabled to raise those claims on a timely appeal, the ultimate result would nonetheless be the dismissal of the appeal by reason of

defendant's waiver. The entire exercise would have been for nothing.

■ We hold, accordingly, that the rule of *Reid,* calling for resentencing of a habeas petitioner who failed to appeal after the sentencing judge failed to advise him of the right to appeal, has no application when the petitioner entered into a bargain including a valid waiver of the right to bring an appeal raising the claims in question.[3] The Sixth Circuit reached a similar conclusion in *Everard v. United States,* 102 F.3d 763, 766 (6th Cir.1996).

■ Had Valente made a timely appeal raising the same issues raised in his habeas petition, that appeal would have come within the scope of his waiver in the plea agreement. Accordingly, if we had found that his waiver was knowing and voluntary and therefore valid, we would have dismissed his appeal. If Valente's waiver was knowing and voluntary, there is no reason to require resentencing, as any eventual appeal would inevitably be dismissed by reason of the waiver.

The present record, however, does not permit us to determine whether Valente's waiver of his right to appeal was knowing and voluntary. Although Valente confirmed to the judge that he had signed the plea agreement, the court did not ask whether he had read it or his lawyer had explained its meaning. Valente has only a fifth-grade education. The waiver of the right to appeal was not mentioned in Valente's presence at the plea proceeding. Because we cannot determine on this record whether Valente's waiver of the right to appeal was knowing and voluntary, we remand to the district court for an evidentiary hearing on the issue.

### Conclusion

This case is remanded for an evidentiary hearing on whether Valente knowingly and voluntarily waived the right to appeal or otherwise challenge his sentence. If the court determines that Valente's waiver was knowing and voluntary, that will terminate the proceedings on remand. Valente may restore his appeal to this panel by letter to the Clerk of this court, filed within twenty days of the district court's findings. If the district court finds Valente did not knowingly and voluntarily waive his right of appeal, then the district court should resentence Valente. In that event, the case will not return to this court unless Valente files a notice of appeal from the newly entered judgment.

---

**3.** We recognize that, notwithstanding the waiver, the *Reid* rule would apply to claims raised on habeas which were either non-waivable, *see United States v. Yemitan,* 70 F.3d 746, 748 (2d Cir.

1995); *United States v. Jacobson,* 15 F.3d 19, 23 (2d Cir.1994), or were outside the scope of the waiver.