**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 98-6843

NATHANIEL RENARD CHILES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-94-7, CA-97-305-R)

Submitted: December 22, 1998

Decided: January 20, 1999

Before WIDENER and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Nathaniel Renard Chiles, Appellant Pro Se. Joseph William Hooge
Mott, Assistant United States Attorney, Roanoke, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nathaniel R. Chiles appeals from the district court's orders denying his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), motion and denying his motion for reconsideration. Because we find that the district court erred in failing to inform Chiles of his appeal rights, we grant a certificate of appealability, vacate the order of the district court, and remand with instructions.

Chiles pled guilty to conspiracy to distribute cocaine and money laundering. In his plea agreement, Chiles agreed that after a "full and fair sentencing hearing," he would not "appeal sentencing guidelines factors or the Court's application of the sentencing guidelines factors to the facts of [his] case." He elucidated this waiver more fully by agreeing that he was "knowingly and voluntarily waiving any right to appeal sentencing guidelines factors, and [was] voluntarily willing to rely on the Court in sentencing [him] under the sentencing guidelines."

At the outset of Chiles' sentencing hearing, he moved for a continuance to secure witnesses. His motion was denied. During the hearing, no evidence was submitted, and no witnesses were presented for either side. After calculating the proper guidelines range, the court sentenced Chiles in the middle of the applicable range to 148 month imprisonment and five years of supervised release. The court then directed that Chiles "be given credit for the 118 days that [he] spent in custody in Greene County on the related count[ ]."[1] The court did not inform Chiles that he had any rights to appeal.

In April 1997, Chiles filed the instant § 2255 motion, raising a multitude of claims involving, inter alia, Fed. R. Crim. P. 32 errors, ineffective assistance of counsel, and due process violations at his sentencing hearing. The district court denied Chiles' § 2255 motion and his motion for reconsideration. Chiles appeals.

_____

[1] The Greene county conviction is not detailed in the sentencing transcript. However, it is clear that the court included that crime as relevant conduct rather than assessing criminal history points for that conviction.

Chiles argues that the sentencing court erred by failing to notify him of his appeal rights as required by Rule 32(a)(2). We have held that when a sentencing court fails to advise a defendant of his appeal rights, the criminal judgment should be remanded for resentencing. See Paige v. United States, 443 F.2d 781, 782 (4th Cir. 1971). However, in Paige, the defendant had not waived his appeal rights in a plea agreement. The district court distinguished Paige on that basis and found that, although it was undisputed that Chiles was not informed of his appeal rights, he was not entitled to relief.

In support of its position, the district court cited Everard v. United States, 102 F.3d 763 (6th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3570 (U.S. Feb. 18, 1997) (No. 96-7463). In Everard, the Defendant agreed "not to appeal or otherwise challenge the constitutionality or legality of the sentencing guidelines." 102 F.3d at 764. After not being informed of his appeal rights at his sentencing hearing, Everard filed a § 2255 motion seeking to be resentenced. The Sixth Circuit found that cases giving a strict reading to Rule 32, e.g. Paige, did not apply when a defendant knowingly and voluntarily waived his right to appeal. While the Sixth Circuit did note that the case was complicated by Everard's incomplete waiver of all rights, the court found that Everard did not show any possible ground for appeal aside from sentencing guidelines issues. Thus, because Everard had agreed to waive his appeal rights regarding the issues he wished to appeal, the Sixth Circuit found that the district court did not err by failing to inform him of a right that no longer existed. See id. at 764-66 & n.2.

The Second Circuit found similarly in Valente v. United States, 111 F.3d 290 (2d Cir. 1997). In that case, Valente agreed that he would "not appeal or otherwise challenge at any time a sentence imposed by the Court provided such sentence is ten (10) years imprisonment." Id. at 292. Valente was sentenced, as agreed, to ten years in prison, and he was not informed of his appeal rights. The Second Circuit held that, because Valente sought to challenge sentencing guidelines issues, Valente had waived his right to appeal and was not entitled to Rule 32 notifications. However, the Second Circuit, like the Everard court, noted that Valente's specific waiver did not waive all rights to appeal. Therefore, the court stated, in dicta, that resentencing would

3

have been required if Valente had raised non waivable claims or claims outside the scope of the waiver. See id. at 292-93 & n.3.

We find that this case falls squarely into the exception noted in Everard and Valente. Chiles specifically waived only his right to challenge guidelines issues decided after a full and fair hearing. However, Chiles explicitly points to appellate issues that do not fall into the scope of this waiver: (1) violation of the Rule 32 requirement that the presentence report be delivered to a defendant at least seven days before sentencing, (2) improper sentencing on materially false information (due process claim and claim that he was not afforded a full and fair hearing), and (3) improper sentence directing the Bureau of Prisons to grant credit it was legally barred from granting. These issues do not involve either application or interpretation of the sentencing guidelines, and they challenge the due process afforded at Chiles' sentencing hearing, the fairness of which was a condition of his waiver.

Because the failure of the court to inform Chiles of his appeal rights has prevented him from bringing these unwaived claims on direct review, we find that Chiles is entitled to a resentencing hearing with the proper notifications.[2] Accordingly, we grant Chiles' motion for a certificate of appealability, vacate the order of the district court, and remand with instructions to vacate Chiles' sentence and resentence him with proper notification of his appeal rights. We dismiss the remainder of Chiles' claims without prejudice. We dispense with oral

_____

[2] The district court held that Chiles' claim that he did not receive a full and fair hearing was meritless. However, Chiles need not show the likelihood of success on the merits of his proposed appeal. See Rodriguez v. United States, 395 U.S. 327, 329-30 (1969) ("Those whose right to appeal has been frustrated should be treated like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings."). Even if the substance of Chiles' claims lacks merit, a § 2255 motion is not a substitute for direct appeal, and the district court erred by ruling on his proposed appellate issues. As opposed to the current motion, relief on direct appeal is not limited to constitutional or jurisdictional errors. Additionally, on direct appeal, Chiles would be constitutionally entitled to the assistance of counsel. See Douglas v. California, 372 U.S. 353, 355 (1963).

4

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

5