**UNITED STATES of America,**
**Appellee,**

v.

**Juan CUEVAS, Defendant–Appellant.**

**No. 03–1143–CR.**

United States Court of Appeals,
Second Circuit.

Nov. 23, 2004.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Rosemary Nidiry, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, on the brief; David C. Esseks, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: FEINBERG, LEVAL, and STRAUB, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Juan Cuevas ("Cuevas") appeals from a final judgment of conviction entered on March 5, 2003 in the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge* ). Cuevas pleaded guilty to a three-count indictment charging him with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (count one), conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (count two), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (count three). He was sentenced to 390 months' imprisonment on count one, to run concurrently with 240 months' imprisonment on counts two and three, as well as a five-year term of supervised release and a mandatory special assessment of $300.

On appeal, Cuevas challenges his conviction and sentence on several bases, including that his guilty plea was involuntary, and his sentence illegal, because he was

not informed of, nor sentenced in compliance with, the maximum penalty of thirty years' imprisonment as set forth in the decree granting Cuevas's extradition from the Dominican Republic. We have previously stated that "courts should temper their discretion in sentencing an extradited defendant with deference to the substantive assurances made by the United States to an extraditing nation," *United States v. Baez*, 349 F.3d 90, 93 (2d Cir.2003) (per curiam), and found that a district court, by imposing a sentence of 155 years with an order that fifty years be served, complied with an agreement between the United States and the extraditing nation as to the maximum sentence, *see United States v. Campbell*, 300 F.3d 202, 211–12 (2d Cir. 2002). Here, there is insufficient evidence in the record to discern whether the United States and the Dominican Republic reached an agreement as to the sentence that could be imposed upon Cuevas. The record lacks any information describing the communications between the United States and the Dominican Republic prior to the issuance of the extradition decree, the manner in which the United States received the extradition decree and any communications that may have taken place at that time, and any communications between the two countries after the United States obtained Cuevas's person.

Accordingly, there is insufficient evidence in the record to permit meaningful review by this court, and the appropriate course is to remand the case to the District Court to conduct an evidentiary hearing on the issue, make factual findings, and, if necessary, reconsider its prior rulings and modify the judgment. *Cf. Valente v. United States*, 111 F.3d 290, 293 (2d Cir.1997) (remanding to district court for evidentiary hearing on voluntariness of plea where such could not be determined based on the present record). After the District Court has made the findings required by this opinion, if the District Court does not modify the judgment, either party may restore the case to this court's jurisdiction by a letter to the Clerk filed within twenty days of the District Court's findings. *See id.* If the District Court does enter a modified judgment, review of the modified judgment should be sought by notice of appeal. *See id.*

For the reasons stated above, the case is REMANDED to the District Court.