UNITED STATES of America, Appellee,

v.

Jeromey Clay PARKER, Appellant.

UNITED STATES of America, Appellee,

v.

JUVENILE MALE, Appellant.

Nos. 91–2192, 91–2244.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1991.

Decided Feb. 4, 1992.

Bennett Scott Nolan, Fort Smith, Ark., argued, for appellant Jeromey Clay Parker.

Robert Edwin Hough, Fort Smith, Ark., argued, for juvenile male in 91–2244.

William M. Cromwell, Fort Smith, Ark., argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Juvenile males Jeromey Clay Parker and P.P. appeal the district court's[1] order transferring them pursuant to 18 U.S.C. § 5032 from juvenile to adult court for criminal prosecution.

■ In February 1990, Parker was charged with traveling interstate, from Oklahoma to Arkansas, with the intent to commit murder in consideration for money ("murder-for-hire"), in violation of 18 U.S.C. § 1958(a), and both Parker and P.P. were charged with conspiracy, in violation of 18 U.S.C. § 371. Following a transfer hearing on April 25, 1990, the district court granted the government's motions to proceed against Parker and P.P. as adults. On appeal from that decision, we held that the district court had lacked jurisdiction because the government had not complied with certain jurisdictional prerequisites. *United States v. Juvenile Male*, 923 F.2d 614 (8th Cir.1991) (*Juvenile Male I*). The government filed amended complaints,[2] certifications, and motions to proceed against Parker and P.P. as adults. At the transfer hearing on May 20, 1991, the district court incorporated the testimony from the 1990 hearing over the juveniles' hearsay objection. The government offered no additional evidence or testimony; and the juveniles called several additional witnesses. The district court granted the government's motion to transfer, and both juveniles appeal-ed. Parker has moved to strike the government's "Statement of the Case." We agree that the government's statement contains numerous factual allegations that are not supported by the record. Therefore we grant the motion, and decide this case without considering the stricken portion of the government's brief.

■ Parker argues that the district court lacked jurisdiction because the government did not comply with 18 U.S.C. § 5032. That section provides in pertinent part: "Any proceedings against a juvenile under this chapter or as an adult shall not be commenced until any prior juvenile court records of such juvenile have been received by the court, or the clerk of the juvenile court has certified in writing that the juvenile has no prior record." 18 U.S.C. § 5032. In *Juvenile Male I*, we held that the district court lacked jurisdiction because it received neither prior juvenile court records nor certifications from the clerk that prior records did not exist or were unavailable. *Id.* at 620. Here, the government provided the district court with a letter from an associate district court judge for the state of Oklahoma[3] stating that he found "no proceedings against [Parker]" in LeFlore County, Oklahoma, and letters from assistant district attorneys in three other Oklahoma counties stating that no charges had been filed against Parker in their respective counties. Parker does not dispute that he has no prior record, but argues that the letters provided by the government are not certified by the appropriate court clerks as required by the statute. We note that Parker was not prejudiced by the district court's finding that no juvenile records exist because this finding militates against transfer. In any event, we decline to stand on technicalities. We hold that the government adequately complied with the statutory requirements of section 5032, and the district court had jurisdiction to hear the case.

---

1. The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas.

2. The government added a charge of murder-for-hire to P.P.'s amended complaint.

3. The Oklahoma district courts have jurisdiction over juvenile court matters. *See* Okla.Stat. tit.

20, § 91.1 (1990). The record reflects that the associate district court judge in the instant case presided over cases in the Juvenile and Family Relations Division of the District Court of LeFlore County, Oklahoma.

Parker and P.P. next argue that the district court erred in incorporating the transcript of the 1990 hearing into the 1991 hearing over their hearsay objection. We note that the same judge presided over both hearings, and the government filed amended complaints bearing the same case numbers as the original complaints. We conclude that the 1990 hearing was a prior, related proceeding of which the district court had the right to take judicial notice; "it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970). We are not persuaded by P.P.'s additional argument that the admission of the 1990 hearing transcript denied him the right to confront witnesses because the government added the murder-for-hire charge to the amended complaint. The purpose of a transfer hearing is to ascertain whether a juvenile should be tried as an adult for the alleged crime. The district court considers only "the nature of the alleged offense," not the juvenile's guilt or innocence of the charged offense. Counsel's objective in confronting witnesses remains the same regardless of the offense charged: to avoid transfer of his client. We note that P.P. was represented by counsel at the 1990 hearing and had an opportunity to cross-examine the government's witnesses; he was represented by the same counsel at the 1991 hearing and had an opportunity to present any additional evidence which he chose to present. P.P. neglects to state specifically how his counsel would have conducted cross-examination differently had P.P. been charged with the murder-for-hire offense at the time of the 1990 hearing, and we do not believe that counsel would have had any reason to change his questioning.

P.P. further argues that the district court erred in not requiring the government to prove its case for transfer beyond a reasonable doubt. We disagree. A transfer hearing is not a criminal proceeding which results in an adjudication of guilt or innocence, but a civil proceeding which results in an adjudication of status. As such, the government's burden of proof is only a preponderance of the evidence.

Appellants' remaining arguments challenge the district court's findings and decision to transfer. Our review of the district court's factual findings is governed by Federal Rule of Civil Procedure 52(a), which provides: "Findings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court ... is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). We review for abuse of discretion the district court's decision to transfer. *United States v. A.W.J.*, 804 F.2d 492, 493 (8th Cir.1986).

As required by 18 U.S.C. § 5032, the district court considered and made written findings for each juvenile as to six specific factors: (1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the extent and nature of the juvenile's prior delinquency record; (4) the juvenile's present intellectual development and psychological maturity; (5) the nature of past treatment efforts and the juvenile's response to such efforts; and (6) the availability of programs designed to treat the juvenile's behavioral problems. As to P.P., the court found that he was seventeen at the time of the offense and that there was too little evidence about his social background to make a conclusion about it; the nature of the alleged offense was particularly heinous; P.P. had been adjudicated delinquent, resulting in incarceration; his I.Q. is at the low end of the average range, but he could appreciate the nature of his acts and participate knowingly in a trial, and there was no evidence of psychological immaturity; past treatment efforts had not been successful; and Oklahoma did not have any treatment programs available. As to Parker, the court found that he was almost seventeen at the time of the offense and that his social background could not be termed deprived; the nature

of the alleged offense was particularly heinous; although Parker had no official delinquency record, he had been arrested for burglary of a church and for a weapons offense; he is a "bright boy" with some indication of mild psychological immaturity; he had limited counseling and his mother testified he could probably benefit from counseling; and Oklahoma had no treatment programs available. On the basis of its findings and its weighing of these factors, the court concluded that appellants' transfer for adult prosecution would be "in the interest of justice" within the meaning of section 5032.

Having carefully reviewed the record, we conclude that the district court's findings are not clearly erroneous. *See* Fed. R.Civ.P. 52(a). Further, in light of the gravity of the crime involved, weighed against the other five statutory factors, we find that the court's transfer of appellants for adult prosecution was not an abuse of discretion. *See A.W.J.*, 804 F.2d at 493.

Accordingly, we affirm.