**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**G.T.W., A Male Juvenile, Defendant–
Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**T.L.F., A Male Juvenile, Defendant–
Appellant.**

Nos. 92–3256, 92–3257.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1993.

Decided May 4, 1993.

Sam T. Heuer, Little Rock, AR, argued, for G.T.W.

Anthony J. Sherman, Little Rock, AR, argued, for T.L.F.

William C. Adair, Little Rock, AR, argued, for U.S.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Before us are the appeals of two juveniles from the district court's[1] order under 18 U.S.C. § 5032 (1988 and Supp. III 1991) transferring them to adult status for criminal prosecution for armed bank robbery. They argue that the district judge abused her discretion in entering the order, and that they should not be subjected to adult criminal prosecution. We affirm.

T.L.F. and G.T.W., two seventeen year old boys, were charged with armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 924(c) (1988 & Supp. III 1991). The United States Attorney (on behalf of the Attorney General) certified to the district court that facts warranting jurisdiction in the district court existed and moved to transfer the cases under 18 U.S.C. § 5032 for adult criminal prosecution.

Under the statute, the district court must hold a hearing and determine whether transfer for prosecution as an adult would be "in the interest of justice". The court must consider and make findings regarding each of the following factors:

the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs designed to treat the juvenile's behavioral problems.

18 U.S.C. § 5032.

The district court made the required findings and concluded that the evidence weighed in favor of prosecuting both T.L.F. and G.T.W. as adults. *United States v. T.L.F.*, No. 92–M–4024(1) (E.D.Ark. Sept. 25, 1992). The court summarized the boys' records as showing a long pattern of "lack of success ... in conforming their behavior to the requirements of the law." Slip op. at 12.

The court gave great weight to the potential deadliness of their behavior during the robbery:

What especially concerns this Court, however, is the cold calculation with which T.L.F. and G.T.W. carried out their crime. Here was a potentially deadly assault of bank tellers and customers with G.T.W. placing a revolver to the head of a bank customer telling him he would blow his head off, and T.L.F. making similar threats and discharging a 9 mm semi-automatic weapon both inside and outside the bank. Considering the gravity of the crime involved, weighed against the other five factors, the Court finds that transferring both T.L.F. and G.T.W. to adult status "would be in the interest of justice."

Slip op. at 13 (citations omitted).

On appeal G.T.W. argues that the district court abused its discretion by failing to adequately consider his rehabilitation potential. G.T.W. argues that a close analysis of his participation in past rehabilitation programs demonstrates that he was never given any treatment or rehabilitation; that the psychologists who tested him "seem to indicate that G.T.W. would be a potential candidate for rehabilitation"; and that testimony from a representative of the Federal Bureau of Prisons established that a program was available for his rehabilitation.

■ As we have held in *United States v. Parker*, 956 F.2d 169, 171 (8th Cir.1992), in reviewing a section 5032 ruling, we review findings of fact under the clearly erroneous standard and the ultimate decision to prosecute as an adult under the abuse of discretion standard.

■ The district court did not fail to adequately consider the possibility of rehabilitation, but rather concluded that G.T.W. was not a "promising candidate" for rehabilitation, since G.T.W. had failed to follow court

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

orders in connection with earlier truancy proceedings and a firearms offense. Slip op. at 12–13. The court finding is warranted by the record, which shows G.T.W. has been stubbornly uncooperative with the authorities supervising him in connection with his earlier offenses. The court did not abuse its discretion in concluding G.T.W. should be transferred for criminal prosecution.

■ T.L.F. argues that, while he was seventeen years of age, he had the intelligence level of someone six years and eight-months old, that the finding that the offense was done with cold calculation was clearly erroneous, and that the earlier five offenses in his juvenile record were petty thefts, not serious crimes.[2] He further argues that he had participated with progress through some programs and that there were rehabilitation programs available for him.

Again, the district court did not fail to consider the evidence T.L.F. relies on, but concluded that, notwithstanding that evidence, T.L.F.'s continued pattern of delinquency weighed against treating him as a juvenile. Slip op. at 12–13. The court noted that nothing in the record indicated that T.L.F. lacks the ability to understand the consequences of his actions, *id.*, and this appears to be correct. There was ample evidence (though not specifically cited by the district court) that T.L.F.'s crime was calculated, since the boys acquired their gun two days before the robbery and mired their getaway car in the mud while "casing" the bank earlier on the day of the robbery. On this record, the district court's decision was well within its discretion.

We affirm the district court's order.

HEANEY, Senior Circuit Judge, concurring in part and dissenting in part.

Had I been the district court judge, I would not have granted the motion to transfer either of these juveniles for prosecution as adults. I cannot, however, say that the district court abused its discretion in transferring T.L.F. because, according to the experts, his prospects for rehabilitation do not

appear bright. Thus, I join my colleagues in affirming the district court as to the transfer of T.L.F.

I do not believe, however, that the transfer of G.T.W. is in the interest of justice. I believe the district court abused its discretion in granting the motion to transfer him, and I must therefore respectfully dissent regarding G.T.W.

The purpose of the federal juvenile delinquency proceeding is to remove juveniles from the ordinary criminal process to avoid the stigma of a criminal conviction and to encourage treatment and rehabilitation. *United States v. Brian N.*, 900 F.2d 218, 220 (10th Cir.1990). The district court may grant a motion to transfer a juvenile for prosecution as an adult, but only after the court has considered and made individual findings for each juvenile with respect to the six specific factors cited by the district court, and reiterated above by the majority: (1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the extent and nature of the juvenile's prior delinquency record; (4) the juvenile's present intellectual development and psychological maturity; (5) the nature of past treatment efforts and the juvenile's response to such efforts; and (6) the availability of programs designed to treat the juvenile's behavioral problems.

Here the district court appears to lump these two black youths together. The district court stated that both youths had a lack of success in conforming their behavior to the requirements of the law, and that both have had the benefit of extended periods of either probation or court supervision. The nature of the probation or supervision, however, is not disclosed. In G.T.W.'s case, the only serious infraction was possession of a handgun. His other past offenses were failing to show up for court hearings and skipping school.

G.T.W. grew up in Illinois with his welfare mother in an environment of drugs, violence, and gang activities. Testing by a clinical psychologist found G.T.W. to be just above

---

**2.** Actually, one was a weapons offense. There was evidence that T.L.F. committed two burgla-  ries not included in his juvenile record.

borderline intelligence with a possible learning disability. Further tests showed that he had the intelligence of a seven-year-old with poor social judgment.

On the day of the alleged robbery, then 17 years old, G.T.W. had been drinking. He and his friend picked up an adult hitchhiker who suggested that the juveniles rob a bank. Although the evidence shows that G.T.W. brandished a weapon and made threats during the alleged robbery, the evidence also shows that, unlike T.L.F., he played a minor role, did not fire his weapon, and did not directly participate in the removal of money from the bank.

Testing revealed that G.T.W. was depressed with a real sense of crisis. Medical expert testimony indicated that G.T.W. needs placement in a fairly structured program which includes disciplinary and vocational training, together with sobriety and substance-abuse programs. Further medical expert testimony indicated that G.T.W. possesses a conscience, has a reasonable prospect of being rehabilitated before he reaches the age of 21, and that he would be better off in a juvenile institution.

Despite this background and medical testimony, and the district court's explicit finding that G.T.W. has never received treatment for his behavioral problems, the majority now affirms his transfer for prosecution as an adult. If G.T.W. is tried as an adult and convicted, his prison sentence will be between ten and twelve years, at a cost to the United States Government of more than $200,000. I have great difficulty believing that either G.T.W. or society will benefit from this huge expenditure. Less expensive, more beneficial, and more in the interest of justice, would be a well-defined program of rehabilitation.