United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-3228
_____

United States of America,            *
                                     *
        Plaintiff - Appellee,        *
                                     *    Appeal from the United States
    v.                               *    District Court for the District
                                     *    of Minnesota.
Juvenile JG, *                       *
                                     *
        Defendant - Appellant.       *

_____

Submitted: February 12, 1998
Filed: March 11, 1998

_____

Before FAGG, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

        Juvenile JG appeals from an order of the district court[1] granting a motion of the the United States to transfer him for criminal prosecution as an adult pursuant to the Federal Juvenile Delinquency Act (FJDA), 18 U.S.C. §§ 5031-5042.  We affirm.

        On June 18, 1997 a juvenile information was filed charging J.G., an enrolled member of the Red Lake Band of Chippewa Indians, with assault with a deadly weapon

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

for allegedly using a 12 gauge shotgun or assault rifle to shoot into the home of his neighbors on the Red Lake Indian Reservation. Although the house was occupied at the time, no one was injured. The incident occurred during a feud between J.G.'s family and the neighbors, the Whites. A few days earlier guns had been fired into J.G.'s house, and his mother and aunt had had a physical fight with members of the White family on the same day as the incident charged in the information. J.G.'s stepfather, Michael DeFoe, is alleged to have also participated with him in the assault.

The government moved to transfer J.G. for adult prosecution and certified that the offense charged was a crime of violence and that there was a substantial federal interest in the case which warranted the exercise of federal jurisdiction. See 18 U.S.C. § 5032. The district court held an evidentiary hearing on the motion on July 18, 1997, at which the government submitted documents and testimony concerning J.G.'s juvenile record, a certified copy of his tribal court conviction for third degree assault with a baseball bat, and the testimony and psychological report of Dr. Mary Kenning, a psychologist who had evaluated J.G. J.G. offered evidence of his family's ongoing feud with the Whites and the incidents leading up to the shooting. The court subsequently permitted the parties to submit briefs on the issues related to transfer.

On August 4, 1997 the district court ordered that J.G. be transferred for adult prosecution under both the mandatory and discretionary transfer provisions of 18 U.S.C. § 5032. The court determined that J.G.'s tribal court conviction of third degree assault satisfied the predicate offense requirement for mandatory transfer because the underlying act, if committed by an adult, would constitute a felony offense involving "the use . . . of physical force against the person of another." Id. The court also made specific findings of fact under each of the factors listed in the statute for assessing whether a discretionary transfer would be in the interest of justice and concluded that they weighed in favor of granting the government's motion. J.G. seeks appellate review of the order under the collateral order doctrine. See United States v. A.W.J., 804 F.2d 492, 493 (8th Cir. 1986).

The FJDA provides that a juvenile may be transferred to a federal district court for criminal prosecution as an adult when the court determines in its discretion that the transfer would be in the interest of justice. See 18 U.S.C. § 5032.[2] Before granting a discretionary transfer the court must make findings under the following six factors to assess whether the transfer would be in the interest of justice: (1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the extent and nature of his prior delinquency record; (4) his present intellectual development and psychological maturity; (5) the nature of past treatment efforts and his response to them; and (6) the availability of programs designed to treat his behavioral problems. See id. In weighing these factors the court must balance the likelihood of rehabilitation before the juvenile reaches majority with the risk of harm to the public from treating violent crime more leniently. See United States v. One Juvenile Male, 40 F.3d 841, 844 (6th Cir. 1994); United States v. Doe, 871 F.2d 1248, 1253 (5th Cir. 1989). The grant of a discretionary transfer to adult status is reviewed for abuse of discretion and all findings of fact by the district court are reviewed for clear error. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992).

J.G. argues on appeal that the district court abused its discretion by not explaining how each factor weighed with respect to the interest of justice in concluding that discretionary transfer was appropriate. In particular, J.G. contends that the court failed to consider the context of the shooting incident in weighing the seriousness of the offense and to indicate how the availability of treatment programs weighed in its decision.

The district court did not abuse its discretion in granting a discretionary transfer. At the outset of its analysis the court noted that it must consider each of the factors

---

[2]Because we hold that the district court properly granted a discretionary transfer we do not reach the question of whether J.G.'s tribal court conviction satisfies the predicate offense requirement for mandatory transfer under § 5032.

listed in § 5032 in order to determine whether a transfer would be in the interest of justice. The court then made findings of fact under each factor and found that all six weighed in favor of transfer. In evaluating the seriousness of the alleged offense the court specifically noted the ongoing feud between the two families. The court also discussed Dr. Kenning's testimony that J.G. may have participated in the shooting because he did not want his stepfather to be viewed as the sole protector of the family since J.G. did not get along with him and he was reported to be an alcoholic and to have abused J.G. and his mother while intoxicated. The court went on to find that the seriousness of the alleged offense weighed heavily in favor of transfer because there were people, including children, inside the house into which J.G. discharged his gun, the alleged actions were "life threatening," and the acts "demonstrated a complete disregard for public safety." The weight assigned to any one factor listed in the statute is within the sound discretion of the district court. See One Juvenile Male, 40 F.3d at 845-46.

The court was also influenced by evidence in J.G.'s juvenile record of other substantial acts of violence, his failure to cooperate in any rehabilitative efforts, and his response to such efforts with defiance and continued delinquency. It recognized that Dr. Kenning had indentified available treatment programs, but it found that J.G. had demonstrated a lack of willingness or desire for this kind of rehabilitative treatment in the past. The court concluded that the six factors, particularly the seriousness of the offense and J.G.'s juvenile record, weighed in favor of transfer, which the court had already noted would have to be in the interest of justice. The court's finding that these two factors were particularly compelling was also within its discretion. See Doe, 871 F.2d at 1255.

None of the district court's factual findings is clearly erroneous, and it did not abuse its discretion under the statute in determining that J.G.'s transfer to adult status was in the interest of justice within the meaning of § 5032. Accordingly, the order of the district court is affirmed.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.