# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1043SD

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Juvenile MLA, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 30, 1998

Filed: October 7, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Juvenile MLA appeals from the District Court's[1] order transferring him for criminal prosecution as an adult. We affirm.

The government charged MLA with aggravated sexual abuse, in violation of 18 U.S.C. §§ 2241(a) and 1153, and sexual abuse, in violation of 18 U.S.C. §§ 2242 and

_____

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

1153. The government then filed a motion under 18 U.S.C. § 5032 to transfer this case to the District Court for proceedings against MLA as an adult. At a hearing on the motion, the government presented evidence that after an intoxicated and unconscious woman was carried into MLA's house, MLA removed her clothing and had sexual intercourse with her; another person had sex with the victim; and MLA had sex with her again, at which time she woke up. The victim went to the hospital, and the attending physician's report indicated that the victim's vagina was bleeding very heavily, that her blood count was low, and that an immediate operation was necessary. The physician further indicated that there might be permanent damage to her reproductive organs, and that in his fifty years of practice, he had seen lacerations this severe only "in a patient in whom a tire iron was used." The government also submitted evidence of MLA's background, juvenile record, and treatment history.

As required by Section 5032, the District Court made findings on specified factors. The Court found that the offense was committed sixteen days before MLA's sixteenth birthday, and that MLA received little parental guidance and had a history of familial dysfunction. Referring to the offense as "particularly heinous," the Court found that MLA committed two acts of sexual intercourse and that the victim was assaulted and extensively injured. The Court further found that MLA had been first arrested at age ten and had been arrested for several other offenses since that time; that there was evidence of borderline intellectual functioning and psychological immaturity; and that MLA had had difficulties in prior treatment programs, and had exhausted many of the available programs designed to treat juvenile behavior problems. On these findings, the District Court concluded transfer for adult prosecution was in the interest of justice.

We review transfer to adult status for an abuse of discretion, and the underlying factual findings for clear error. See United States v. Juvenile JG, 139 F.3d 584, 586 (8th Cir. 1998). After carefully reviewing the record and the parties' submissions, we see no clear error and conclude the District Court did not abuse its discretion. We deny the parties' motions to supplement the record.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.