# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1875

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Val Perez, | * | [To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 29, 2000

Filed: December 12, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Val Perez pleaded guilty to conspiring to launder money, in violation of 18 U.S.C. § 1956(h); conspiring to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. § 846; obstructing justice, in violation of 18 U.S.C. § 1503; and criminal forfeiture. The presentence report recommended that he be denied a U.S.S.G. § 3E1.1 acceptance-of-responsibility reduction, given his obstructive conduct--encouraging witnesses to lie before the grand jury regarding his criminal conduct and encouraging his ex-girlfriend to lie at her criminal trial about his conduct--and the lack

of any "extraordinary" circumstance outweighing this conduct. See U.S.S.G. § 3E1.1, comment. (n.4) (conduct supporting obstruction enhancement ordinarily indicates defendant should not receive acceptance-of-responsibility reduction; however, in "extraordinary cases" both U.S.S.G. § 3C1.1 obstruction-of-justice enhancement and § 3E1.1 reduction may apply). Over Perez's objection at sentencing, the District Court[1] denied the acceptance-of-responsibility reduction and sentenced him to a total of thirty years imprisonment and five years supervised release. He appeals, arguing the Court erred in concluding that the nature of his obstructive conduct was the most important factor in determining whether his case was "extraordinary," that his obstruction struck at the heart of the justice system, and that he needed to make a greater showing on other relevant factors in order to overcome the nature of his obstructive conduct.

According great deference to the District Court's determinations, we conclude the Court did not clearly err in denying the section 3E1.1 reduction, because the Court properly considered all the circumstances and was not precluded from determining that the nature of Perez's obstructive conduct outweighed other factors in his favor. See U.S.S.G. § 3E1.1, comment. (n.5) (sentencing judge's determination is entitled to great deference on review, because sentencing judge is in unique position to evaluate defendant's acceptance of responsibility); United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review); United States v. Honken, 184 F.3d 961, 968-69 (8th Cir.) (burden is on defendant to establish entitlement to acceptance-of-responsibility reduction; "no magic formula" defines "extraordinary case," and court should consider all circumstances), cert. denied, 120 S. Ct. 602 (1999); cf. United States v. Cornielle, 171 F.3d 748, 753 (2d Cir. 1999) ("[P]erjury goes to the very heart of the fair administration of justice."); United States v. Juvenile JG, 139 F.3d 584,

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

586-87 (8th Cir.1998) (weight assigned to any one factor listed in statute is within district court's sound discretion).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.