# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1489

_____

United States of America,              *

                                   *

        Plaintiff-Appellee,        *

                                   *   Appeal from the United States

        v.                      *   District Court for the

                                   *   District of South Dakota.

Juvenile Male N.R.,          *

                                   *      [UNPUBLISHED]

        Defendant-Appellant.     *

_____

Submitted:  October 16, 2001

Filed:  December 3, 2001

_____

Before WOLLMAN, Chief Judge, LAY and RILEY, Circuit Judges.

_____

PER CURIAM.

N.R. killed Ron Randall, his stepfather by common law marriage, on January 22, 2000, at approximately 11:00 p.m. on the Pine Ridge Indian Reservation while helping him change a flat tire on a vehicle in front of the family trailer. No motive was attributed to the violent crime in which the then sixteen year old N.R. used the blunt end of an axe to strike Randall. Earlier that day Randall and N.R. purchased beer and other alcohol. They drove around the reservation and consumed the alcohol, later returning home. After the crime occurred, N.R.'s mother locked the door to the trailer and called 911. N.R. broke into the trailer and pursued his mother and attempted to choke her and her two younger children, ages five and six. The mother

was able to escape from N.R. and he subsequently left. N.R. was discovered shortly thereafter unconscious in an abandoned building.

N.R. was charged by superseding information with second degree murder in violation of 18 U.S.C. §§ 1111, 1153, and 5032. The Government filed a certificate for juvenile proceedings and thereafter moved to transfer the matter into adult court pursuant to 18 U.S.C. § 5032. On February 12, 2001, the Honorable Karen E. Schreier, United States District Judge, entered an order granting the Government's motion to transfer N.R. to district court proceedings as an adult.

Under 18 U.S.C. § 5032, the court is directed to hold a hearing to determine whether, in the interests of justice, to transfer a juvenile for adult prosecution. The court is required to make findings as to each of six factors: 1) the age and social background of the juvenile, 2) the nature of the alleged offense, 3) the extent and nature of the juvenile's prior delinquency record, 4) the juvenile's present intellectual development and psychological maturity, 5) the nature of past treatment efforts and the juvenile's response to such efforts, and 6) the availability of programs designed to treat the juvenile's behavioral problems. Id. The court then balances the findings. United States v. Juvenile J.G., 139 F.3d 584, 586 (8th Cir. 1998). The weight accorded to the individual factors is not predetermined, rather, the district court may weigh each as it deems appropriate. United States v. Doe, 871 F.2d 1248, 1254-55 (5th Cir. 1989).

The district court addressed each of the § 5032 factors. The district court found N.R.'s age and social background, as well as his insignificant juvenile record, weighed in favor of prosecuting N.R. as a juvenile. Yet, it found the nature of the offense, a homicide, weighed heavily in favor of prosecuting him as an adult. The defense was the homicide took place while N.R. suffered a psychotic break from reality and was in the midst of a toxic delirium. Although the district court found that N.R. was suffering from a psychotic disorder, the court found N.R.'s inability to

control his behavior, even with the assistance of prescribed medications, favored prosecuting N.R. as an adult. It found N.R.'s noncompliance with past treatment and the unlikely prospect of successful future treatment presented a great risk of harm to those around him and to society in general. The district court also found the number of juvenile facilities that accept violent juvenile offenders between the ages of eighteen and twenty-one are limited; only two programs were identified as willing to take N.R. if sentenced as a juvenile. Further, there is limited time left to rehabilitate N.R. since he is eighteen.[1] Based on its analysis of the § 5032 factors, the district court concluded they weighed in favor of prosecuting N.R. as an adult.

Our standard of review of the district court's decision is abuse of discretion.[2] Juvenile J.G., 139 F.3d at 586; United States v. A.W.J., 804 F.2d 492, 493 (8th Cir. 1986). The factual findings underlying the decision are reviewed for clear error. United States v. G.T.W., 992 F.2d 198, 199 (8th Cir. 1993); United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992). The clearly erroneous standard of review is highly deferential; the district court's account of the evidence should not be overturned if it is plausible in light of the view of the record in the entirety. Amadeo v. Zant, 486 U.S. 214, 223 (1988); see also Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) ("'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'") (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

---

[1]N.R.'s date of birth is September 15, 1983.

[2]N.R. bears a heavy burden because few, if any courts have found the district court abused its discretion by failing to properly balance the enumerated factors. United States v. Juvenile Male #1, 47 F.3d 68, 71 (8th Cir. 1995) ("Indeed, no court of appeals has ever found that a district court abused its discretion by failing to balance properly the six statutory factors.").

N.R. urges that the district court's decision was an abuse of discretion, due in part to factual findings that were clearly erroneous. Under the nature of the offense factor, the district court found N.R. and Randall had been fighting prior to the assault. Further, the court found the "alleged conduct in committing this homicide weighs heavily in favor of prosecuting him as an adult. Not only was the attack with the axe upon Randall vicious, but N.R. would also have killed [his mother] and his brother and sister if [she] hadn't outmaneuvered him." United States v. Juvenile Male N.R., No. 00-50007-01, slip op. at 5 (W.D. S.D. Feb. 12, 2001) (internal citations omitted). N.R. counters that he was suffering a psychotic break from reality, he let his mother go and the threats to his brother and sister "show just how out of his mind he was . . . ." Appellant's Brief at 24. There is sufficient evidence in the record, which includes initial statements made to the authorities by N.R. and his mother, to conclude the facts found under the nature of the offense were not clearly erroneous.

In examining N.R.'s present intellectual development and psychological maturity the court found that

> [i]n light of N.R.'s past failures following treatment for his alcohol and substance abuse, it is highly probable that N.R. would not remain on his psychiatric medication. N.R.'s psychosis, in an unmedicated state, presents a grave risk of harm to those around him and to society in general. Even in a medicated state, N.R. has not been able to control his behavior.

Juvenile Male N.R., No. 00-50007-01, slip op. at 7. N.R. argues this finding is erroneous because N.R. has neither been properly medicated nor was evidence adduced that N.R. would not stay on his medication. The Government's expert testified that N.R. was prescribed Zyprexa and Zoloft, still his non-compliance with the program treatment continued. The defense expert contended N.R. was not medicated, because he was not administered the correct prescription at the necessary dosage. The district court's finding under the factor of intellectual development and

psychological maturity is not clearly erroneous because the district court can properly credit testimony of one witness over another. See United States v. Womack, 191 F.3d 879, 885 (8th Cir. 1999) ("A credibility determination by the district court is 'virtually unreviewable on appeal.'") (quoting United States v. Martin, 28 F.3d 742, 745-46 (8th Cir. 1994)); United States v. Heath, 58 F.3d 1271, 1275 (8th Cir. 1995) ("A district court's decision to credit a witness's testimony over that of another can almost never be a clear error unless there is extrinsic evidence that contradicts the witness's story . . . ."). In addition, the district court could extrapolate from prior failed rehabilitation attempts, including those while medicated, that N.R. would not stay on his medication.

N.R. contends the finding pertaining to his response to previous treatment is clearly erroneous. The district court found N.R. was not amenable to treatment due to his failed past treatment history. N.R. alleges the finding "completely ignore[s] the opinion of [the defense expert] and the fact that N.R. was not treated for his underlying severe mental illness." Appellant's Brief at 36. The district court did take into account the previous non-treatment of N.R.'s psychological illness. Yet, in light of N.R.'s failure to complete two prior programs and his relapse shortly after completion of one program, the district court's finding under this factor is not clearly erroneous.

We have reviewed the arguments of the Government and the defendant pertaining to the district court's exercise of discretion and, although another judge in reviewing similar facts might have reached a different conclusion than Judge Schreier, we cannot say that Judge Schreier abused her discretion in ordering the transfer. See, e.g., United States v. Juvenile Male #1, 47 F.3d 68, 71 (1995) ("This Court will not upset a district court's determination simply because we would have reached a different conclusion had we considered the matter in the first instance."). Under an abuse of discretion standard, this court exercises authority to reverse only when the district court's judgment is not based upon legal principles. Agostoni v.

<u>Felton</u>, 521 U.S. 203, 238 (1997); <u>see also</u> <u>United States v. Taylor</u>, 487 U.S. 326, 336 (1988) ("[D]iscretionary choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'") (quoting <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 405, 416 (1975)). This principle of deferential appellate review was succinctly stated by Justice Cardozo and reiterated by Justice Frankfurter in <u>Brown v. Allen</u>, 344 U.S. 443, 496 (1953), "[d]iscretion without a criterion for its exercise is authorization of arbitrariness."

Although equitable arguments can be made on both sides, we cannot say that the district court's ruling did not rest upon legal criterion and judgment; therefore, the exercise of discretion in the present case does not admit of abuse.

Judgment AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.