# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1152

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Juvenile Male G.L., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 14, 2002

Filed: June 20, 2002

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

G.L., a juvenile male, was charged with kidnapping, first degree burglary, larceny, and aggravated sexual abuse. G.L. allegedly broke into and burglarized the home of a female resident of the Standing Rock Sioux Indian Reservation before he sexually assaulted the resident, abducted her in her own car, and drove her to a remote part of South Dakota where he beat her to death and disposed of her body. An experienced law enforcement official testified the victim's murder was the worst

violent crime death he had seen.  The district court[*] granted the government's 18 U.S.C. § 5032 motion to try G.L. as an adult, and G.L. appeals.

The presumption that juveniles be tried in juvenile court is not absolute.  When deciding whether a juvenile should be tried as an adult, a district court must consider the six factors listed in 18 U.S.C. § 5032 and balance "the likelihood of rehabilitation before the juvenile reaches majority with the risk of harm to the public from treating violent crime more leniently."  United States v. Juvenile J.G., 139 F.3d 584, 586 (8th Cir. 1998).  Here, the district court made extensive findings of fact: G.L.'s behavior has been excessively violent since at least third grade and he has not attended school since fifth grade; G.L. has used illegal drugs since fifth grade and is now a daily user of alcohol and illegal drugs; G.L.'s mother encouraged him to engage in burglary and shared in his profits; G.L. is a "habitual commercial and residential burglar" and a "hardened and very experienced criminal."  United States v. G.L., No. CR01-1002, slip op. at 3-8, (D. S.D. Dec. 31, 2001).  Although G.L.'s criminal record is limited, the district court suggested this is mainly because G.L.'s extensive illegal activity has not been prosecuted.  Id. at 7.  The district court stated that of the hundreds of juvenile delinquents it has seen, "I have not previously seen such a defiant and calloused young person in court. . . . No [juvenile treatment] facility could undo in the next five years what this defendant has learned and learned well over the course of his lifetime."  Id. at 7, 11.

Having reviewed the record and the parties' briefs, we conclude the district court did not abuse its discretion when it granted the government's motion to try G.L. as an adult.  Thus, we affirm the decision of the district court.

---

[*]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.