**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**JUVENILE MALE, Defendant–**
**Appellant.**

No. 03–10478.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Aug. 5, 2004.

---

Vincent Q. Kirby, AUSA, Phoenix, AZ, for Plaintiff-Appellee.

Donna Lee Elm, Esq., Phoenix, AZ, for Defendant-Appellant.

Before: FERNANDEZ, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Juvenile challenges the district court's decision to transfer him to adult proceedings under 18 U.S.C. § 5032. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our decision.

## I

■ There is no merit to Juvenile's argument that the district court lacked subject matter jurisdiction because the government failed to provide all of his juvenile records as required by 18 U.S.C. § 5032. In *United States v. Doe*, we recently held that the requirement that a district court receive juvenile records goes "to the conduct of the proceeding, not the court's subject-matter jurisdiction to proceed or its personal jurisdiction over [a defendant]." 366 F.3d 1069, 1077 (9th Cir.2004) (en banc).

■ Because Juvenile did not object to the completeness of his juvenile record, we review the transfer decision for plain error. *See id.* Even assuming that the juvenile record was incomplete, the available documents left little doubt that the severity of Juvenile's prior offenses justified transfer to adult proceedings. The juvenile record before the district court discussed Juvenile's underlying psychopathology and history of sexual abuse perpetration. Key details about his offenses in 2000 and 2001 were corroborated by witnesses who testified at the transfer hearing. Moreover, Juvenile had ample opportunity at the transfer hearing to present mitigating evidence and fill in any gaps in the juvenile record. Because there is nothing to suggest "how [the juvenile defendant] would have been any better off if the juvenile court record had been certified in the manner required by [18 U.S.C.] § 5032," the district court did not plainly err in relying on the available juvenile record. *Id.*

## II

Juvenile also challenges the district court's discretionary transfer decision. Specifically, he argues that the district court should not have relied on facts not in the juvenile record to conclude that the "extent and nature of the juvenile's prior delinquency record" supported discretionary transfer under 18 U.S.C. § 5032's six-factor test. Although we review de novo evidentiary decisions "which raise predominantly legal questions," *United States v. Anguin*, 271 F.3d 786, 798 (9th Cir.2001), we review for abuse of discretion the ultimate decision to transfer a juvenile to adult proceedings. *See United States v. Doe*, 94 F.3d 532, 536 (9th Cir.1996).

■ As noted, the juvenile record in this case fully supported the district court's determination that Juvenile's prior offenses were extremely serious. And the witnesses' testimony at the transfer hearing, which the court properly considered, provided additional evidence of the "extent and nature" of Juvenile's prior delinquency record. *See, e.g., Doe*, 94 F.3d at 537–38 (concluding that district court, which relied on witness testimony, did not clearly err in its determination of juvenile's "prior delinquency record"); *United States v. Gerald N.*, 900 F.2d 189, 191 (9th Cir.1990) (noting that "[e]ach of the district judge's findings [was] fully supported either *by the witness's testimony* or by exhibits properly admitted into evidence") (emphasis added).

After reviewing the available juvenile record, the district court thoroughly considered the other factors listed in 18 U.S.C. § 5032 and determined that they weighed in favor of transfer. We agree with the district court that, on balance, "[t]his is not a close case."

## III

Because we affirm the district court's discretionary transfer ruling, we need not address the district court's alternative determination that transfer was warranted under the mandatory transfer provision in 18 U.S.C. § 5032. *See United States v. Juvenile Male MC*, 322 F.3d 482, 485 n. 4

(8th Cir.2002); *United States v. Juvenile JG*, 139 F.3d 584, 586 n. 2 (8th Cir.1998). AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

