# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2715

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| SLW, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: February 15, 2005
Filed: May 9, 2005

———————

Before WOLLMAN, McMILLIAN, and BENTON, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

SLW appeals from the district court's[1] order transferring him for criminal prosecution as an adult. We affirm.

## I.

On November 20, 2003, the United States filed a nine-count juvenile information against SLW. The information charged SLW with: (1) three counts of possession of controlled substances with intent to distribute, in violation of 21 U.S.C.

———————

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

§ 841; (2) two counts of attempted possession of controlled substances with intent to distribute, in violation of 21 U.S.C. § 841; (3) three counts of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), resulting in three woundings and one death; and (4) one count of killing with the intent to prevent the victim from communicating to a law enforcement officer or judge of the United States information relating to the commission of federal offenses, in violation of 18 U.S.C. § 1512. Although SLW was twenty years old at the time the information was filed, all of the charged acts allegedly were committed while SLW was between the ages of fifteen and eighteen.[2]

The government filed a contemporaneous motion to transfer SLW for criminal prosecution as an adult pursuant to 18 U.S.C. § 5032. In addition, the government filed a certification stating that the Missouri state juvenile courts had refused to assume jurisdiction over SLW and did not have jurisdiction over most of the counts in the juvenile information, that the State of Missouri did not have available programs and services adequate for SLW's needs, that the crimes alleged in the indictment were crimes of violence, and that there existed a substantial federal interest in the case warranting the exercise of federal jurisdiction. See 18 U.S.C. § 5032. After an evidentiary hearing, a magistrate judge recommended that the motion be granted. The district court adopted the magistrate's report and recommendation in full, except for the segment addressing SLW's prior juvenile delinquency record and the segment describing SLW's alleged leadership role in drug and firearms offenses,[3] and ordered SLW transferred for adult prosecution.

---

[2]On October 8, 2003, the government filed an adult indictment against SLW, charging—among other things—an expansive conspiracy to distribute cocaine base, ecstasy, and marijuana. The activities alleged in the indictment apparently took place after SLW had turned 18.

[3]According to the district court's order, the acts detailed in the "leadership role" segment of the magistrate judge's report and recommendation were encompassed by the conspiracy charges in the adult indictment.

## II.

We review the district court's grant of a motion to transfer a juvenile for adult criminal prosecution for abuse of discretion and its underlying factual findings for clear error. United States v. Juvenile MLA, 157 F.3d 616, 617 (8th Cir. 1998).

"[A] juvenile may be transferred to a federal district court for criminal prosecution as an adult when the court determines in its discretion that the transfer would be in the interest of justice." United States v. Juvenile JG, 139 F.3d 584, 586 (8th Cir. 1998). In determining whether a transfer would be in the interest of justice, the district court must consider six factors: (1) the age and social background of the juvenile; (2) the nature of the alleged offense; (3) the extent and nature of the juvenile's prior delinquency record; (4) the juvenile's present intellectual development and psychological maturity; (5) the nature of past treatment efforts and the juvenile's response to them; and (6) the availability of programs designed to treat the juvenile's behavioral problems. 18 U.S.C. § 5032. Furthermore, in considering the second factor (the nature of the offense), the district court must consider the extent to which the juvenile assumed a leadership role in an organization involving the use or distribution of controlled substances or firearms or otherwise influenced others to engage in such activities. Id. A district court's finding that the juvenile did take on such a role weighs heavily in favor of transfer. Id. Throughout its inquiry, the district court must balance the likelihood that the juvenile will be rehabilitated before he reaches majority with the risk of harm to the public from treating violent individuals more leniently. Juvenile JG, 139 F.3d at 586. "[T]he district court is not required to afford equal weight to each factor," however, and "instead may balance them as it deems appropriate." United States v. Juvenile Male MC, 322 F.3d 482, 485 (8th Cir. 2002) (citation and internal quotations omitted).

SLW argues on appeal that the district court possessed insufficient evidence upon which to base its decision. He also contends that the district court improperly considered uncharged and unadjudicated conduct in assessing his juvenile

delinquency record, lacked sufficient information about past treatment efforts, ignored a psychological report that offered a hopeful outlook for rehabilitation, and erred by finding that there were no available programs to treat his behavioral problems. In addition, he asserts that the introduction of his juvenile records in the evidentiary hearing before the magistrate judge constituted hearsay testimony.

The magistrate judge's report and recommendation made specific findings regarding each of the factors listed in 18 U.S.C. § 5032. The magistrate judge found that SLW had reached the age of 21 at the time of the report and recommendation; that the offenses alleged in the juvenile information were "particularly heinous and striking acts of violence"; that SLW had a long and detailed juvenile delinquency record involving robberies, firearms, drugs, and murders; that, although psychological tests showed low intellectual development, the test results reflected an attempt by SLW to "fake good" and were called into question by his ability to play a complex dominoes game with other prisoners; that SLW demonstrated no difficulties with psychological maturity; that SLW had been so unresponsive to past rehabilitation efforts that the Missouri juvenile courts refused to deal with him; that no juvenile rehabilitation or treatment programs were available to SLW, as he had reached the age of 21; and that SLW had a substantial leadership role in numerous drug and firearm offenses. The magistrate judge thus found that each of the § 5032 factors, with the exception of SLW's intellectual development and psychological maturity, weighed in favor of transfer.

SLW correctly asserts that the magistrate judge impermissibly based his findings regarding SLW's prior juvenile delinquency record on uncharged, unadjudicated conduct. See United States v. Juvenile LWO, 160 F.3d 1179, 1183 (8th Cir. 1998). The district court corrected this error, however, by recognizing that the magistrate judge had erred and stating that it was not adopting that segment of the magistrate judge's report and recommendation. Furthermore, even without this factor and the factor addressing SLW's alleged leadership role in drug and firearms

offenses, we hold that the remainder of the magistrate judge's findings (adopted by the district court) were not clearly erroneous and that the district court's ultimate decision to transfer SLW to adult prosecution was not an abuse of discretion.

SLW's remaining claims do not alter our conclusion. Although SLW alleges that the magistrate judge and the district court should have received or requested more evidence regarding past rehabilitation efforts and SLW's response to them, the record before both the magistrate judge and the district court contained the Missouri juvenile court's assessment that, at age 15, no reasonable prospects of rehabilitation existed for SLW in Missouri. The record also reflected the Missouri juvenile system's repeated attempts to place SLW in more productive custodial situations and SLW's refusal to remain in each placement. Accordingly, the district court's finding that this factor weighed in favor of transfer did not constitute clear error.

SLW's arguments regarding the psychological report and the availability of juvenile rehabilitation programs similarly fail. Although the psychological report reflected the opinion that attempts at SLW's rehabilitation might prove fruitful, the fact remains that SLW had turned 21 by the time that the magistrate judge rendered his report and recommendation, and thus that no juvenile rehabilitation programs were available to SLW. It was not an abuse of discretion for the district court to determine, in adopting the magistrate judge's report and recommendation, that no juvenile rehabilitation programs were available to an adult. See United States v. Doe, 109 F.3d 626, 628-29 (9th Cir. 1997), aff'd en banc on other grounds, 155 F.3d 1070 (9th Cir. 1998).

Finally, we reject SLW's argument that the hearsay rule applies at juvenile transfer proceedings pursuant to 18 U.S.C. § 5032. Our sister circuits that have addressed the issue have held that such proceedings are analogous to preliminary examinations in criminal cases, and thus that the Federal Rules of Evidence (including the hearsay rule) do not apply except with respect to privileges.

Government of Virgin Islands in Interest of A.M., 34 F.3d 153, 161-62 (3d Cir. 1994); United States v. Doe, 871 F.2d 1248, 1255 & n.2 (5th Cir. 1989). See also Fed. R. Evid. 1101(d)(3). We agree with this analysis, and therefore conclude that hearsay evidence is admissible at juvenile transfer proceedings.

The judgment is affirmed.

_____