**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**J., A JUVENILE, Defendant—**
**Appellant.**

**No. 05–10003.**
**D.C. No. CR–03–00900–MHM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Nov. 22, 2005.

Vincent Q. Kirby, AUSA, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Donna Lee Elm, Esq., FPDAZ—Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Darryl Lee James ("Appellant") appeals the District Court's order denying his motion to quash the government's amended indictment. Appellant was initially charged as a juvenile in connection with his alleged crimes. The government, however, moved to have Appellant transferred to adult status. The District Court granted the government's motion and this Court affirmed the decision in a separate appeal. *United States v. Juvenile Male*, 107 Fed. Appx. 743, 745 (9th Cir.2004). After Appellant was transferred to adult status, the government amended its indictment to include seven additional charges. Appellant sought to have this indictment quashed, but the District Court denied his motion. Appellant seeks review of this interlocutory decision.

Appellant argues that this case is suitable for appeal because it meets the requirements of the collateral order exception. The Supreme Court, however, has held that district court decisions refusing to dismiss an indictment do not fall within the collateral order exception, leaving the courts of appeal without jurisdiction.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 264, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982) ("[T]he Court of Appeals was without jurisdiction under 28 U.S.C. § 1291 to review the District Court's interlocutory order refusing to dismiss the indictment.").

The appeal is DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.