# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2605

_____

United States of America

*Plaintiff - Appellee*

v.

Juvenile Male

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 15, 2018
Filed: April 27, 2018

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Juvenile Male A.M. appeals the district court's[1] order transferring him for criminal prosecution as an adult under 18 U.S.C. § 5032. We affirm.

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri, adopting in part the report and recommendation of the Honorable Nannette A. Baker, United States Magistrate Judge for the Eastern District of Missouri.

The government filed a six-count juvenile information against A.M. on February 2, 2017. The information charged A.M. with: (1) one count of carjacking in violation of 18 U.S.C. §§ 2119 and 2; (2) two counts of attempted carjacking in violation of 18 U.S.C. §§ 2119 and 2; (3) two counts of knowingly possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1); and (4) one count of discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1). A.M. was seventeen years and seven months old when the charged acts were allegedly committed.

The government filed a contemporaneous motion to transfer A.M. for criminal prosecution as an adult under 18 U.S.C. § 5032. A federal magistrate judge conducted an evidentiary hearing, at which a sole witness testified on behalf of the government. After the hearing, the magistrate judge recommended that the transfer motion be denied. The government objected to the magistrate judge's report and recommendation, and the district court conducted a *de novo* review. In doing so, the district court adopted the magistrate judge's statement of law and legal standards, but disagreed with the transfer recommendation, sustaining the government's objections and granting its motion for transfer.

A district court may assume the truth of the alleged offenses for purposes of a transfer hearing. United States v. Juvenile LWO, 160 F.3d 1179, 1180 n.1 (8th Cir. 1998). We recite the facts of this case in accordance with the district court's memorandum and order.

A.M. and Travion Brown approached a vehicle in downtown St. Louis on November 20, 2016. Brown pulled out a gun and ordered the driver to exit the vehicle. The driver complied. A.M. and Brown got into the vehicle and drove away.

On November 22, 2016, A.M., Brown, and a third individual approached another vehicle that was stopped at a stoplight. A.M. tapped on the driver's window with a gun. The traffic light turned green and the driver was able to drive away. Minutes later, A.M., Brown, and the third individual came upon a vehicle stopped in traffic. Brown approached the vehicle, while the others remained on the sidewalk. Brown shot the driver in the head as he started to drive away.

We review the grant of a motion for transfer for adult criminal prosecution for abuse of discretion and its underlying factual findings for clear error. United States v. Juvenile MLA, 157 F.3d 616, 617 (8th Cir. 1998).

A federal district court may grant a discretionary transfer of a juvenile when the court determines that the "transfer would be in the interest of justice." United States v. Juvenile JG, 139 F.3d 584, 586 (8th Cir. 1998). In making its determination, the court must consider six factors: (1) the age and social background of the juvenile; (2) the nature of the alleged offense; (3) the extent and nature of the juvenile's prior delinquency record; (4) the juvenile's present intellectual development and psychological maturity; (5) the nature of past treatment efforts and the juvenile's response to them; and (6) the availability of programs designed to treat the juvenile's behavioral problems. 18 U.S.C. § 5032; United States v. SLW, 406 F.3d 991, 993 (8th Cir. 2005). The government must prove that transfer is appropriate by a preponderance of the evidence. United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992).

A.M. argues that the district court failed to adequately consider or appropriately weigh the § 5032 factors. Specifically, he contends that the district court failed to consider his social background and his likelihood of rehabilitation—that he was a good student from a stable home who planned on attending college and who would respond well to treatment. He also argues that the district court gave too little weight to the fact that his conduct was less severe than

other juveniles who have been transferred for adult prosecution, and too much weight to the fact that he was mere months away from being considered an adult.

We find no abuse of discretion in the district court's decision to transfer. The court made specific findings with respect to each statutory factor. It found that A.M.'s age, the nature of the offenses, his role in the offenses, and his intellect and maturity weighed in favor of transfer. It considered A.M.'s assertions of his upstanding social background, but found that there was no evidence to support those assertions and that photos of A.M. flashing gang symbols and handling firearms undercut them. The district court further found that there was no evidence to indicate whether A.M. would be responsive to treatment because he had not previously been treated. It also considered the fact that because A.M. was now eighteen there were no longer juvenile programs designed to treat his behavioral needs. Additionally, the district court rightfully rejected A.M.'s contention that his conduct was not severe enough to warrant transfer. In light of the serious and violent nature of the offense conduct, as well as A.M.'s full participation "in the first and second incidents of the crime spree" and his presence at the third incident, which "increased the level of threat and seriousness of the crime," the court did not err in finding that this conduct weighed in favor of transfer. See United States v. Sealed Appellant 1, 591 F.3d 812, 820-21 (5th Cir. 2009) (stating that the district court did not err when it found that the nature of carjacking and attempted carjacking weighed in favor of transfer for adult prosecution).

The district court was not required to afford equal weight to each factor, and we find no abuse of discretion in its decision to weigh the factors as it did. SLW, 406 F.3d at 993 ("'[T]he district court is not required to afford equal weight to each factor,' . . . and 'instead may balance them as it deems appropriate.'" (quoting United States v. Juvenile Male MC, 322 F.3d 482, 485 (8th Cir. 2002))). Moreover, the district court acted within its discretion when it viewed A.M.'s post-arrest cooperation with law enforcement differently than the magistrate judge did,

-4-

concluding that the cooperation was not indicative of possible success in rehabilitation but rather an "attempt[] untruthfully to minimize his conduct."

A.M. further argues that the district court violated his Fifth Amendment right to due process when it overruled the magistrate judge's report and recommendation without conducting its own evidentiary hearing. We disagree. The district court accepted the magistrate judge's credibility findings and independently weighed the statutory factors, and thus it was not required to hold an evidentiary hearing. See United States v. Raddatz, 447 U.S. 667, 675 (1980) (holding that a district court is not required to conduct an independent hearing when accepting the magistrate judge's credibility findings); see also Carrion v. Smith, 549 F.3d 583, 588 (2d Cir. 2008) (stating that it will not find error in the district court's findings after a *de novo* review of a magistrate judge's report and recommendation simply because the court disagreed with the magistrate judge's conclusion when the disagreement was not based on credibility findings).

The judgment is affirmed.

_____